944 F.2d 902
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Lloyd Dean CLARK, Defendant-Appellant.
 No. 90-5677.
 United States Court of Appeals, Fourth Circuit.
 Argued April 13, 1991.
Decided Sept. 19, 1991.
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Norwood Carlton Tilley, Jr., District Judge. (CR-90-29-G)
 Argued: Jack Benjamin Crawley, Jr., McNamara, Pipkin, Knott, Carruth & Crawley, Raleigh, N.C., for appellant; Lisa Blue Boggs, Assistant United States Attorney, Greensboro, N.C., for appellee.
 On Brief: Robert H. Edmunds, Jr., United States Attorney, Greensboro, N.C., for appellee.
 M.D.N.C.
 AFFIRMED.
 Before SPROUSE and NIEMEYER, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Lloyd Dean Clark pled guilty to an information charging him with smuggling steroids on July 15, 1989 in violation of 18 U.S.C. § 545 and to a two-count indictment charging him with smuggling steroids on February 15, 1990 and possession of steroids with intent to distribute, in violation of 18 U.S.C. § 545 and 21 U.S.C. § 333(e)(i). Clark was sentenced to 10 months on the two smuggling charges which were combined for sentencing and 10 months for the possession charge, to run consecutively.
 
 
 2
 Appealing his sentence, Clark argues that the district court erred in finding that no Sentencing Guideline was applicable to his possession charge and in imposing sentence for that violation under 18 U.S.C. § 3553. In the alternative, he argues that the sentence imposed is plainly unreasonable. Finally, he contends that the 10-month sentence for possession should not have been ordered to run consecutively. We find all three arguments unpersuasive and affirm the sentence as imposed by the district court.
 
 
 3
 * After having sold a supply of anabolic steroids on July 15, 1989 valued at approximately $57,250, Clark began a course of cooperation with law enforcement authorities pursuant to a preindictment plea agreement with the United States Attorney's office. Subsequently, he was charged in an information with smuggling steroids in violation of 18 U.S.C. § 545, and he pled guilty on April 4, 1990.
 
 
 4
 While Clark was cooperating (but prior to the guilty plea to the information), he was caught smuggling steroids from Canada on February 15, 1990. The steroids were determined to have a total wholesale value of $4,290. He was charged in a two count indictment again for smuggling steroids in violation of 18 U.S.C. § 545, and for possession of the steroids with intent to distribute in violation of 21 U.S.C. § 333(e)(1). He pled guilty to these charges also on April 4, 1990.
 
 
 5
 Clark was sentenced for both criminal cases on June 22, 1990. At the sentencing, he initially argued that the Sentencing Guidelines did not apply to any of the charges. After the district court informed him that it was to his advantage to be sentenced under the Sentencing Guidelines for the two violations of 18 U.S.C. § 545, Clark conceded that the Guidelines applied to those charges. He did not, however, change his argument that the Sentencing Guidelines were inapplicable to the charge of possession with intent to distribute under 21 U.S.C. § 333(e)(1).
 
 
 6
 In sentencing Clark, the court grouped the two smuggling violations under the Sentencing Guidelines and sentenced Clark to a 10-month term of incarceration. Finding that the Sentencing Guidelines did not apply to the charge under 21 U.S.C. § 333(e)(1), the court sentenced Clark under 18 U.S.C. §§ 3551 & 3553 to another 10-month term of incarceration, to run consecutively rather than concurrently.
 
 II
 
 7
 A. Applicability of the Sentencing Guidelines
 
 
 8
 Clark concedes that at the time of the violation (February 15, 1990) there was no guideline directly applicable to a violation of 21 U.S.C. § 333(e)(1) involving anabolic steroids, but he argues that the district court should have applied the most analogous guideline. See U.S.S.G. § 2X5.1. Clark asserts that "it would appear that the offense of smuggling the anabolic steroids would be about equal in severity with the offense of possessing the steroids with intent to distribute them" and thus the charges should have been grouped. Brief of Appellant at 18.
 
 
 9
 We can find no authority to conclude that the smuggling and possession charges are "about equal in severity," and even so we would not conclude that the crime of smuggling is analogous to the crime of possession with intent to distribute. Applying U.S.S.G. § 2X5.1 to these circumstances, the sentencing court was correct in imposing sentence pursuant to the provisions of 18 U.S.C. § 3553(b).
 
 B. Reasonableness of the Sentence
 
 10
 Under 18 U.S.C. § 3742(a)(4), a defendant may appeal a final sentence if the sentence "was imposed for an offense for which there is no sentencing guideline and is plainly unreasonable." Clark argues that because the sentence for smuggling steroids with a total value of $57,250 was 10 months, it is unreasonable to impose a sentence of similar length for possessing steroids with a value of $4,290.
 
 
 11
 As the government correctly points out, at the time that Clark committed the possession offense in February, 1990, he was not only on probation for a similar violation that had occurred in Ohio in December 1988, but he was also actively engaged in a program of cooperation entered into as the result of his pre-indictment plea agreement for the July 1989 offense. Considering Clark's repeated involvement with steroids while being given opportunities to help himself, we cannot say that the sentence imposed was unreasonable. See Dorszynski v. United States, 418 U.S. 424, 440-41 (1974) (so long as court imposes sentence within the permissible range, court's discretion is not subject to challenge).
 
 C. Imposition of Consecutive Sentence
 
 12
 Finally, Clark contends that it was error for the district court to impose the two 10-month sentences to run consecutively rather than concurrently. He relies on U.S.S.G. § 5G1.2 (sentencing on multiple counts), the Commentary to which provides that: "To the extent possible, the total punishment is to be imposed on each count. Sentences on all counts run concurrently, except as required to achieve the total sentence, or as required by law." However, this section is clearly directed to multiple counts for which sentence is imposed under the Sentencing Guidelines. The Commentary states that "total punishment" is determined by the adjusted combined offense level. Thus, the multiple counts are factored in to determine the total punishment. Since the total punishment is imposed on each count, permitting the sentences of each count to run consecutively would amount to a double counting of the multiple counts.
 
 
 13
 Since non-Guidelines offenses are not calculated into the adjusted combined offense level, the scheme of § 5G1.2 does not prohibit a non-Guidelines sentence and a Guidelines sentence from running consecutively. When not under the Sentencing Guidelines, the question of whether sentences for separate crimes run concurrently or consecutively is committed to the discretion of the sentencing court, 18 U.S.C. § 3584, and in view of the repetitive criminal conduct in this case, we cannot say that that discretion was abused. Finding no error in the sentencing of Clark, the judgment of the district court is
 
 
 14
 AFFIRMED.